# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAH RAHMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　*Plaintiff,*<br><br>　　v.<br><br>KID BRANDS, et al.<br><br>　　　　　　*Defendants*. | CASE No.: 11-cv-01624 (JLL) (MAH)<br><br>ECF Case<br>Electronically Filed<br><br><u>Oral Argument Requested</u><br><br>Return Date:  February 6, 2012 |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GUY A. PAGLINCO'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

THOMPSON HINE LLP

Rebecca Brazzano
Michael G. Shannon (admitted *pro hac vice*)
David A. Wilson (admitted *pro hac vice*)
335 Madison Avenue, 12th Floor
New York, New York 10017
Phone: (212) 344-5680
Fax: (212) 344-6101

*Attorneys for Defendant Guy A. Paglinco*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

I.  PRELIMINARY STATEMENT ..................................................................... 1

II. ARGUMENT AND CITATION OF AUTHORITY ....................................... 3

    A.  The Amended Complaint does not adequately allege that
        Mr. Paglinco made any misrepresentations with scienter. ...................... 3

        1.  The Focused Assessment by U.S. Customs and the subsequent
            internal investigation do not indicate scienter on the part of Mr.
            Paglinco. ............................................................................................ 4

        2.  The confidential witness allegations are insufficient
            as a matter of law. ............................................................................ 6

        3.  Violations committed at a subsidiary cannot impute
            knowledge to an officer of the parent company and the
            "core operations" theory fails to evidence scienter by
            Mr. Paglinco. .................................................................................... 7

        4.  Mr. Bivona's firing is not evidence of scienter by
            Mr. Paglinco. .................................................................................. 10

    B.  The Amended Complaint does not plead any material
        misrepresentations by Mr. Paglinco. ....................................................... 11

    C.  Plaintiff fails to allege a claim under section 20(a) of the
        Exchange Act against Mr. Paglinco. ...................................................... 13

III. CONCLUSION ............................................................................................. 14

# **TABLE OF AUTHORITIES**

**Cases**

Ballan v. Wilfred Am. Educ. Corp., 720 F. Supp. 241 (E.D.N.Y. 1989)..............4, 5

Board of Trs. of the City of Ft. Lauderdale Gen. Employees' Ret. Sys. v. Oao, ---F. Supp. 2d ----, No. 09 Civ 3617 (RJS), 2011 WL 3502016 (S.D.N.Y. Aug. 9, 2011)........................................................................................................4, 6

Brumbaugh v. Wave Sys. Corp., 416 F. Supp. 2d 239 (D. Mass. 2006).................12

Cafaro v. HMC, No. 07-2793 (JLL), 2008 U.S. Dist. LEXIS 71740 (D.N.J. Sept. 8, 2008)..................................................................................................................13

City of Roseville Employees' Ret. Sys. v. Horizon Lines, 713 F. Supp. 2d 378 (D. Del. 2010), aff'd, 442 Fed. Appx. 672 (3d Cir. 2011) .........................................2

Freudenberg v. E*Trade Fin. Corp., 712 F. Supp. 2d 171 (S.D.N.Y. 2010).............9

Glazer Capital Mgmt., LP v. Magistvi, 549 F. 3d 736 (9th Cir. 2008) .....................7

In re Advanta Corp. Sec. Litig., 180 F.3d 525 (3d Cir. 1999).................................12

In re Anadigics, Inc. Sec. Litig., No. 08-5572 (MLC), 2011 U.S. Dist. LEXIS 112587 (D.N.J. Sept. 30, 2011) ...........................................................................8

In re Atlas Air Worldwide Holdings, Inc Sec. Litig., 324 F. Supp. 2d 474 (S.D.N.Y. 2004) ...................................................................................................9

In re Complete Mgmt., Inc. Sec. Litig., 153 F. Supp. 2d 314 (S.D.N.Y. 2001)........9

In re Federated Dep't Stores, Inc., Sec. Litig., No. 00 CV 6362 (RCC), 2004 WL 444559 (S.D.N.Y. Mar. 11, 2004) ................................................................. 9, 10

In re Intelligroup Sec. Litig., 527 F. Supp. 2d 262 (D. NJ. 2007)..........................14

In re Meta Fin, Group, Inc., C 10-4108-MWB, 2001 WL 2893625 (N.D. Iowa July 18, 2011) ...............................................................................................................6

In re NAHC, Inc. Sec. Litig., 306 F.3d 1314 (3d Cir. 2002)....................................2

In re Party City Sec. Litig., 147 F. Supp. 2d 282 (D.N.J. 2011) ...........................7, 8

In re PDI Sec. Litig., No 02-211 (GEB), 2006 U.S. Dist. LEXIS 80142 (D.N.J. Nov. 2, 2006)............................................................................................................1

In re Thornburg Mortg., Inc. Sec. Litig., 695 F. Supp. 2d 1165 (D.N.M. 2010) ......4

Jones v. Express Jet Airlines, No. 11-926 (JLL), 2011 WL 5024435 (D.N.J. Oct. 17, 2011) ...............................................................................................................7

Key Equity Investors, Inc. v. Sel-Lab Mktg. Inc., 246 Fed. Appx. 780 (3d Cir. 2007)......................................................................................................................2

Lopes v. Vieira, 543 F. Supp. 2d 1149 (E.D. Cal. 2008)............................................4

Matrixx Initiatives, Inc. v. Siracusano, 131 S. Ct. 1309 (2011) ............... 5, 6, 11, 12

McGowan Investors, LP v. Frucher, 481 F. Supp. 2d 405 (E.D. Pa. 2007), aff'd, 392 Fed. Appx. 39 (3d Cir. 2010). ......................................................................7

Nat'l Junior Baseball League v. Pharmanet Dev. Group, Inc., 720 F. Supp. 2d 517 (D.N.J. 2010) ........................................................................................................8

Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007) ........................10

Winer Family Trust v. Queen, 503 F.3d 319 (3d Cir. 2007) .............................. 1, 11

Zimmerman v. PepsiCo, Inc., 836 F.2d 173 (3d Cir. 1988) ......................................7

**Statutes**

15 U.S.C. § 78j(b) .....................................................................................................13

15 U.S.C. § 78t(a) .....................................................................................................13

15 U.S.C. § 78u-4(b)(2) .............................................................................................2

Defendant Guy A. Paglinco ("Mr. Paglinco") respectfully submits this reply memorandum of law in further support of his Motion to Dismiss Plaintiff Shah Rahman's ("Plaintiff") Amended Class Action Complaint.

## I.     PRELIMINARY STATEMENT

Plaintiff's brief in opposition to Defendants' Motions (the "Opposition") relies on precisely the sort of vague and "fraud by hindsight" allegations for scienter that numerous courts, in this Circuit and elsewhere, repeatedly have held are insufficient to withstand a motion to dismiss. Vague remarks by unidentified "confidential witnesses" (who do not even say they brought their vague remarks to Mr. Paglinco), unsupported assertions that Kid Brands, Inc. (the "Company") must have had knowledge of misconduct before it was disclosed, disclosures of Customs violations at subsidiaries, and disputes with and terminations of officers, do not demonstrate that Mr. Paglinco knew that any public statements were false when they were made. See In re PDI Sec. Litig., No 02-211 (GEB), 2006 U.S. Dist. LEXIS 80142, at *20, *34 (D.N.J. Nov. 2, 2006).

Plaintiff has failed to satisfy the Private Securities Litigation Reform Act ("PSLRA") requirement to allege particularized facts creating a strong inference of scienter against any Defendant, much less *each* Defendant, as the law requires. Winer Family Trust v. Queen, 503 F.3d 319, 335-36 (3d Cir. 2007). There are simply no facts -- either individually or collectively -- plead in the Amended

Compliant that give rise to a "strong inference" that Mr. Paglinco acted with the requisite scienter.  15 U.S.C. § 78u-4(b)(2); see City of Roseville Employees' Ret. Sys. v. Horizon Lines., 713 F. Supp. 2d 378, 403 (D. Del. 2010), aff'd,  442 Fed. Appx. 672  (3d Cir. 2011).  Plaintiff does not plead, as he cannot, that Mr. Paglinco had any personal motive or gained any personal benefit from any alleged misrepresentations.  As courts in this and other circuits repeatedly have held, a claim that defendants sought to artificially inflate a company's "bottom line" is not enough to show personal motive.  Key Equity Investors, Inc. v. Sel-Lab Mktg. Inc., 246 Fed. Appx. 780, 787 (3d Cir. 2007).

  Likewise, the Opposition fails to direct the Court to any statements cited in the Amended Complaint by Mr. Paglinco that were untruthful at the time they were made.  Plaintiff's argument is merely that the Company must have been aware of its subsidiaries' Customs law issues based solely on its subsequent investigation and disclosure of those violations.  Plaintiff, however, cannot create liability by analyzing past events through the scope of later-acquired knowledge.  In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1330 (3d Cir. 2002).  Plaintiff points to nothing that evidences that Mr. Paglinco had knowledge of any Customs violations or any information he had a duty to disclose prior to the Company's disclosure of the information.

Accordingly, the claims made against Mr. Paglinco in the Amended Complaint fail to satisfy the PSLRA's heightened pleading requirements, and this Motion to Dismiss should be granted.

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     The Amended Complaint does not adequately allege that Mr. Paglinco made any misrepresentations with scienter.

Utterly absent from the Amended Complaint and from the arguments in the Opposition is any suggestion of a personal motivation on the part of Mr. Paglinco to profit from any misrepresentation by, for example, selling stock in advance of the disclosure of adverse information by the Company.  Instead, in the Opposition (pp. 10-28), Plaintiff is reduced to arguing that scienter is demonstrated through: (1) the Company's violations of the U.S. Customs laws by certain of its foreign subsidiaries; (2) reports from confidential witnesses, none of whom are said to have had any contact with Mr. Paglinco; (3) the legal dispute between the Company and Mr. Bivona, in which Mr. Paglinco is not alleged to have played any role, and (4) the fact that the Customs violations involved the Company's "core business" operations (Plaintiff also improperly refers to subsequent events not alleged in the Amended Complaint, that will be addressed below and that similarly fail to support a claim against Mr. Paglinco).  None of these vague allegations by Plaintiff create any inference – much less a strong inference – of scienter on the part of Mr. Paglinco.

### 1. The Focused Assessment by U.S. Customs and the subsequent internal investigation do not indicate scienter on the part of Mr. Paglinco.

Plaintiff's claim that Defendants "concealed" the U.S. Customs Services' Focused Assessment until "November 2011" (Opp. p. 15), does not stand up to scrutiny.  As discussed in the Company's Motion to Dismiss ("Company MTD"), a Focused Assessment conducted by U.S. Customs is a routine test, based on objective criteria, and not an indication of any suspicion of wrongdoing. (Company MTD, n.4).  The existence of the Focused Assessment is not an indication of a Customs law violation.  The Amended Complaint offers no facts to suggest that Mr. Paglinco had any knowledge of Customs violations prior to the completion of the investigation.  Nor, in any event, did either the Company or Mr. Paglinco have any duty to disclose the Focused Assessment prior to its conclusion. See Board of Trs. of the City of Ft. Lauderdale Gen. Employees' Ret. Sys. v. Oao, ---F. Supp. 2d ----, No. 09 Civ 3617 (RJS), 2011 WL 3502016, at *17 n.10 (S.D.N.Y. Aug. 9, 2011) (no duty to disclose investigation initiated by Russian antitrust agency); In re Thornburg Mortg., Inc. Sec. Litig., 695 F. Supp. 2d 1165, 1212, 1216 (D.N.M. 2010)(no duty to disclose NYSE investigation); Lopes v. Vieira, 543 F. Supp. 2d 1149, 1186 (E.D. Cal. 2008)("duty [to disclose] did not extend to pronouncing wrongdoing while the Department of Justice investigation was ongoing."); Ballan v. Wilfred Am. Educ. Corp., 720 F. Supp. 241, 248

(E.D.N.Y. 1989) (no duty to disclose ongoing government investigation where the outcome of the investigation was unknown).  Thus, without more (and there is no more), the disclosure in Kid Brands' March 31, 2011 Annual Report disclosing the Focused Assessment and the Company's internal investigation does not create any inference of scienter.  (Company's MTD at Exh. 20).

Plaintiff's reference in the Opposition to other events -- including government agency inquiries -- initiated subsequent to the date of the Amended Complaint (Opp. pp. 4, 14 n.4) is both procedurally improper and, for the reasons cited above, also is of no consequence to the unsupported scienter conclusion concerning Mr. Paglinco.[1]

Plaintiff's attempt to refute this conclusion by citing Matrixx Initiatives, Inc. v. Siracusano, 131 S. Ct. 1309 (2011), (Opp. p. 15), is inapposite.  In Matrixx, the defendants had actual prior knowledge of test results showing that its most important drug product directly caused severe side effects, but declined to report such a link, contending that the test results were not statistically significant.  Id. at 1315-1316.  Actual adverse reports, not merely an investigation whose results were not known, were deemed sufficient to support a duty to disclose in Matrixx.  Id. at

---

[1] These allegations include: (i) Kid Brands' decision to withhold $15 million in "Earnout Consideration" from Bivona based on his wrongdoing; (ii) the resignation of Defendant Crain as Kid Brands' Chief Executive Officer in September 2011, and (iii) Kid Brands' disclosure of any inquiry by the U.S. Attorney's Office ("USAO").  (Opp. pp. 3-4, 16.)

5

1324. Those circumstances giving rise to an inference of scienter in <u>Matrixx</u> are not present here, and Plaintiff's reach for scienter on the part of Mr. Paglinco only serves to highlight the futility of his claim.[2]

### 2. The confidential witness allegations are insufficient as a matter of law.

Plaintiff's confidential witness allegations are equally insufficient as a matter of law. As more fully set forth in the MTD, except for one vague reference to "rumors," none of the confidential witnesses is quoted as saying anything that even remotely relates to the issues of Customs duties. Instead of addressing these deficiencies, the Opposition simply repeats the vague "rumors" that appear in the Amended Complaint and again offers the specious assessment that, because CW2 was hired as a Sarbanes-Oxley Compliance Officer, this witness' testimony regarding LaJobi's lack of procedures somehow evidences knowledge that the Company had engaged in material Customs violations. (Opp. p. 23). "[R]epetition [however] is not a substitute for particularity under the PSLRA," <u>Oao</u>, 2011 WL 3502016, at *20, n. 15. Moreover, nothing in the alleged statements by these "confidential sources" indicates that the witnesses relayed any information of any

---

[2] <u>In re Meta Fin. Group, Inc.</u>, C 10-4108-MWB, 2011 WL 2893625 (N.D. Iowa July 18, 2011), also cited by Plaintiff (Opp. p. 15 n.5), is similarly inapposite. There it was alleged that an investigating agency had indicated to the defendant *during* the course of the investigation (long prior to the defendant's disclosure which omitted this fact) that there were problems with the legality of the defendant's principal financial product (2011 WL 2893625 at *3). Again, there is no such fact evincing pre-disclosure knowledge in the instant case.

kind to Mr. Paglinco or to any other Company officer, or that any Defendant knew from any other source that there were Customs law violations at the subsidiary prior to the completion of the LaJobi investigation in early 2011. Thus, the confidential witnesses' statements do not create any inference of scienter by Mr. Paglinco. Glazer Capital Mgmt., LP v. Magistvi, 549 F. 3d 736, 747 (9th Cir. 2008) (Sarbanes-Oxley certifications insufficient basis for inferring scienter).

    **3.    Violations committed at a subsidiary cannot impute knowledge to an officer of the parent company and the "core operations" theory fails to evidence scienter by Mr. Paglinco.**

In the Opposition, Plaintiff for the first time contends that Defendants' fraudulent intent is demonstrated by the fact that the Customs investigation involved the Company's "core operations." (Opp. pp. 24-28). This theory fails for several reasons. First, Plaintiff cannot assert a new theory against Defendants through the Opposition. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988); Jones v. Express Jet Airlines, No. 11-926 (JLL), 2011 WL 5024435, at *6 (D.N.J. Oct. 17, 2011) (Linares, J). Second, Plaintiff cannot plead scienter "simply by suggesting that a defendant by virtue of her position 'must have known' about fraud." McGowan Investors, LP v. Frucher, 481 F. Supp. 2d 405, 417-18 (E.D. Pa. 2007) (citations omitted), aff'd, 392 Fed. App'x. 39 (3d Cir. 2010). See In re Party City Sec. Litig., 147 F. Supp. 2d 282, 316 (D.N.J. 2011) ("Plaintiffs cannot allege scienter by simply stating that the Defendants must have known that there were

7

'serious problems' with the inventory management systems because the audit was delayed."). Judges of this Court have refused to apply the core operations theory absent particularized allegations that *each* individual had knowledge that the representations made were false. See Nat'l Junior Baseball League v. Pharmanet Dev. Group, Inc., 720 F. Supp. 2d 517, 556 (D.N.J. 2010) ("'[I]t is not automatically assumed that a corporate officer is familiar with certain facts just because these facts are important to the company's business; there must be other, individualized allegations that further suggest that the officer had knowledge of the fact in question.'"); In re Anadigics, Inc. Sec. Litig., No. 08-5572 (MLC), 2011 U.S. Dist. LEXIS 112587, at *98-99 (D.N.J. Sept. 30, 2011) (finding that core business allegation did not establish that CEO of company had knowledge of false statements).

Plaintiff also contends that Mr. Paglinco's knowledge is inferred by "inflated earnings" of three of the Company's four subsidiaries. (Opp. p. 27). These "inflated earnings," however, amount in total to $10 million dollars over a five-year period the Company will pay in estimated unpaid customs duties. The claim fails, first, because it assumes, without allegation of any supporting fact, that Mr. Paglinco had knowledge of events that resulted in the unpaid Customs duties prior to the Company's disclosure of the events. Second, inasmuch as the Company's annual net sales totaled $276 million in 2010 alone, this estimated $10 million in

8

unpaid duties over five years could in no way be seen to be of such "critical importance" to the Company that the "core operations" concept could be triggered. In re Federated Dep't Stores, Inc., Sec. Litig., No. 00 CV 6362 (RCC), 2004 WL 444559, at *5-6 (S.D.N.Y. Mar. 11, 2004).[3]  By contrast, the cases relied upon by Plaintiff serve only to highlight the very narrow circumstances in which the core operations theory could apply, none of which are relevant here.  See e.g., Freudenberg v. E*Trade Fin. Corp, 712 F. Supp. 2d 171, 199 (S.D.N.Y. 2010) (misstatements concerned company's $450 million exposure to securities which was "$19.6 million more than [the company's] entire net income for 2005."); In re Atlas Air Worldwide Holdings, Inc. Sec. Litig., 324 F. Supp. 2d 474, 491 (S.D.N.Y. 2004) (company forced to restate financial results by $281.4 million as a result of information available to the company at the time of the alleged misstatements); In re Complete Mgmt. Inc. Sec. Litig., 153 F. Supp. 2d 314, 325 (S.D.N.Y. 2001) (fraud involved company's "largest client," which constituted the company's total revenue for two years in question).  These cases draw a clear delineation between inferring scienter from amounts equal to a large percentage or even the entire net income of the company, and finding scienter for failure to pay customs duties which, over five years, amount to less than 4% of a Company's revenue for a single year.  Plaintiff cannot rely on the core operations theory to

---

[3] In reality, earnings should not be effected even in an immaterial way, because the $15 million earnout otherwise due to Mr. Bivona has not been paid.

9

bolster his claims against Mr. Paglinco. See In re Federated, 2004 WL 444559, at *5.[4]

### 4. Mr. Bivona's firing is not evidence of scienter by Mr. Paglinco.

Plaintiff's allegation that the Company's refusal to pay Bivona $15 million in earnout consideration supports a finding of scienter against Mr. Paglinco defies logic. Plaintiff cannot both allege that Bivona's actions while at LaJobi hurt shareholders (Opp. p. 3), and then aver that the Company's holding Bivona accountable for his actions is evidence of scienter (Id. at 4). Bivona's termination shows that the Company was unaware of LaJobi's Customs violations until its investigation found that Bivona was responsible for the violations. The opposing inference of non-fraudulent intent is far more compelling than any conceivable inference of scienter. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 314 (2007)[5]

Moreover, even if one were inclined to accept the sinister suggestion made by Plaintiff, and Bivona was inferentially deemed the Company's scapegoat, the Amended Complaint pleads no facts that Mr. Paglinco knew of Bivona's conduct or of any Customs law violations prior to Bivona's termination. Because the

---

[4] Utterly absent from the Amended Complaint is any suggestion of personal motivation on the part of Mr. Paglinco to profit from any misrepresentation by, for example, selling stock in advance of disclosure of adverse information.

[5] The policy implications of the rule suggested by Plaintiff, i.e., that termination of an employee for wrongdoing is evidence of the employer's implication in the wrongdoing, at best, are disturbing.

allegations concerning Bivona do not plead with specificity any knowledge or intent to defraud by Mr. Paglinco, it fails to meet the PSLRA's heightened pleading requirements. Winer, 503 F.3d at 337.

Similarly, Plaintiff's improper reference to the post-Amended Complaint resignation of Mr. Crain (Opp. pp. 9, 14 n.4), even if considered, is not an indicia of earlier scienter by Mr. Paglinco.

**B.     The Amended Complaint does not plead any material misrepresentations by Mr. Paglinco.**

As demonstrated in Mr. Paglinco's initial brief, the Amended Complaint alleges no misrepresentations attributable directly to Mr. Paglinco, and that even the general statements which Plaintiff attributes to Defendants are not actionable under the PSLRA. While Plaintiff relies on Matrixx in an effort to counter these deficiencies, this reliance is misplaced. As noted above, in Matrixx, the defendant was aware of test results showing that its leading product caused severe adverse effects. 131 S. Ct at 1315. The U.S. Supreme Court found that these reports satisfied the materiality requirement because a substantial likelihood existed that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available. Id., at 1318.

Here, by contrast, the Focused Assessment by U.S. Customs was not an "adverse event," as such assessments are not prompted by suspicion of

11

wrongdoing. (Company MTD, p. 24). A routine audit by the U.S. Government does not create a "substantial likelihood" that its disclosure would be viewed by the "reasonable investor" as having altered the "total mix" of information made available." See Matrixx, 131 S. Ct. at 1318. Moreover, the Focused Assessment does not become material when a "contextual inquiry" is performed through the eyes of Plaintiff's "confidential witnesses." (Opp. pp. 38-39). The "rumors" asserted in these "confidential witness" statements – especially since the Amended Complaint fails even to allege that Mr. Paglinco was made aware of such statements – does not transform a routine investigation into a material event. Where there could not conceivably be a duty to disclose the Focused Investigation or the resulting internal investigation until sufficiently specific results were known, there can be no reasonable inference of scienter from a failure to disclose those investigations.

Likewise, despite Plaintiff's argument that "puffery has gone the way of the dodo," this observation, like most of Plaintiff's contentions, is "hyperbolic." Brumbaugh v. Wave Sys. Corp., 416 F. Supp. 2d 239 (D. Mass. 2006). To the contrary, the Third Circuit continues to find that "vague positive remarks" about earnings are simply not actionable. In re Advanta Corp. Sec. Litig., 180 F.3d 525, 538 (3d Cir. 1999). Plaintiff responds with a conclusory assertion that, taken "in context," the Company's press release crossed the line from puffery to misleading

material statements. (Opp. p. 38). The surrounding "context," however, reveals only that at the time the Company issued the press releases, both it and Mr. Paglinco were unaware of the results of the Focused Assessment, and that when the Company became aware of issues pertaining to certain subsidiaries, it reported this information in its March 2011 SEC filings. (MTD pp. 7-8).

Plaintiff's assertion that the Form 10-Qs filed in May and November 2010 were untrue because the subsidiaries were "actively engaged" in Customs violations at the time of the statements (Opp. p. 34) is similarly unavailing. As demonstrated in the MTD, the Amended Complaint pleads no facts that Mr. Paglinco *knew* of LaJobi's or any other subsidiary's Customs issues prior to the Company's investigation in January 2011. The Form 10-Q's issued in 2010 were not rendered untrue by any knowledge held by Mr. Paglinco. Cafaro v. HMC, No. 07-2793 (JLL), 2008 U.S. Dist. LEXIS 71740, at *22 (D.N.J. Sept. 8, 2008).

## C. Plaintiff fails to allege a claim under section 20(a) of the Exchange Act against Mr. Paglinco.

Plaintiff has failed to plead a primary violation of Section 10(b) of the Exchange Act.[6] Because the Section 20(a) claim is derivative of Plaintiff's failed Section 10(b) allegation,[7] Plaintiff's secondary claims under Section 20(a) are

---

[6] See 15 U.S.C. § 15 U.S.C. 78j(b).
[7] See 15 U.S.C. § 78t(a).

13

subject to the same fate of dismissal.  See In re Intelligroup Sec. Litig., 527 F. Supp. 2d 262, 378 (D. NJ. 2007).

### III.   CONCLUSION

For all the reasons set forth above and in the Company's Motion to Dismiss and Reply Memorandum in Further Support of the Motion to Dismiss, incorporated by this reference under Federal Rule of Civil Procedure 10(b), the Amended Complaint as to Mr. Paglinco should be dismissed with prejudice.

                                    Respectfully submitted,

Dated:  January 30, 2012         /s/ Rebecca Brazzano

                                    Rebecca Brazzano
                                    Michael G. Shannon (admitted *pro hac vice*)
                                    David A. Wilson (admitted *pro hac vice*)
                                    Thompson Hine LLP
                                    335 Madison Avenue, 12th Floor
                                    New York, New York 10017
                                    Phone: (212) 344-5680
                                    Fax: (212) 344-6101

                                    *Attorneys for Defendant Guy A. Paglinco*